Battle, J.
 

 The true tost of the interest of a witness is, that he will either gain or lose by the direct, legal operation, and effect of the judgment; or that the record will be evidence for, or against him, in some other action. It must be a present, certain and vested interest, and not one which is uncertain, remote or contingent. The interest must, of course, be on the side on which he is called, and must be such as can be asserted in some court of justice; 1 Greenl. on Ev. sec. 390;
 
 Blum
 
 v.
 
 Stafford,
 
 4 Jones’ Rep. 94. If the interest of a witness be
 
 equally balanced,
 
 so that he lias as much interest on one side as on the other, he will be admissible.
 

 Such was the interest of the witness, ITenry A. Gilliam, in the case now before us. He was the surety to the sealed note sued on, and his interest was the same on both sides. If the plaintiff should recover from the defendant, whose intestate was the principal obligor, then, the witness would be discharged from liability on account of his suretyship. But if she should fail in her suit against the representative of the principal, she could recover the debt from the surety, and then he could recover the amount from such representative. As between the parties, then, he stood indifferent, and consequently, he could be examined by either. See
 
 York
 
 v.
 
 Blott, 5
 
 Mauld and Sel.
 
 71;
 
 1 Greenl. on Ev. Sec. 399.
 

 The other objections, made on the trial, have been abandon
 
 *225
 
 ed in the argument here, and it is unnecessary for ns to notice them further than to say, they were manifestly unfounded.
 

 Pee Oüeiam, Judgment affirmed.